# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# BRYSON CITY DIVISION
## 2:09cv57

| | |
|---|---|
| AVERY FAMILY FARM, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| Vs. ) | ORDER |
| ) | |
| HIGHLANDS COUNTRY CLUB ) | |
| PROPERTY OWNER'S ) | |
| ASSOCIATION, INC., ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**THIS MATTER** is before the court on its own consideration of its subject matter jurisdiction. In its Complaint, plaintiff, a limited liability corporation, alleges that this court has subject matter jurisdiction over this action under diversity of citizenship. Compl., at ¶ 3. Earlier in the Complaint, however, plaintiff merely alleges that it is a "citizen and resident of the State of Georgia" without alleging the respective residences of such LLC members or partners. See id., at ¶ 1. A partnership is a citizen of all states in which its constituent partners are citizens. Carden v. Arkoma Associates, 494 U.S. 185, 195 (1990). In turn, a limited liability company is a citizen of all states in which its constituent members are citizens. Id. As the parties are aware, the court has an affirmative duty to question its subject-matter jurisdiction, even where the parties have not raised the issue. Lack of subject-matter

jurisdiction may be raised at any time either by a litigant or the court. Mansfield, C. & L.M.R. Co. v. Swan, 111 U.S. 379, 382 (1884). The ability of the court to independently address subject-matter jurisdiction is important to finality inasmuch as a litigant, even one who remains silent on the issue of jurisdiction, may wait until they receive an adverse judgment from a district court and raise the issue of subject-matter jurisdiction for the first time on appeal, thereby voiding the judgment. Capron v. Van Noorden, 2 Cranch 126, 127, 2 L.Ed. 229 (1804). The Federal Rules of Civil Procedure anticipate this issue and provide that "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." Fed.R.Civ.P. 12(h)(3). When a court considers its subject-matter jurisdiction, the burden of proof is on the plaintiff. Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982).

In accordance with the reasoning of Adams and Carden, plaintiff shall be required to file with the court a Notice of Citizenship of Plaintiff, in which it names and identifies the citizenship of all its constituent members or partners, and, for any such constituent members or partners that are also LLCs or partnerships, to identify the citizenship of their respective constituent members or partners, until all such constituents are fully identified. See Carden, supra. The parties may wish to review the recent decision of the district court in Mecklenburg County v. Time Warner Entertainment-Advance/Newhouse Partnership, 2010 WL 391279 (W.D.N.C. Jan.

26, 2010). Such filing shall be made not later than February 26, 2010.

## ORDER

**IT IS, THEREFORE, ORDERED** that plaintiff file and serve a Notice of Citizenship of Plaintiff not later than February 26, 2010.

Signed: February 16, 2010

Dennis L. Howell
United States Magistrate Judge